# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 11-CV-12064-RWZ<br>) |
| v. | )<br>) **LEAVE TO FILE GRANTED ON** |
| HOLOGIC, INC., | ) **MAY 10, 2012**<br>) |
| Defendant. | )<br>) |

## SUPPLEMENTAL EVIDENCE IN SUPPORT OF
## CLAIM CONSTRUCTION BRIEF OF HOLOGIC, INC.

In light of the inventor's deposition, which occurred on April 12, 2012, Hologic hereby supplements the claim construction record regarding the patent in suit. The inventor's testimony supports Hologic's understanding of the '359 patent and undermines certain assertions in Smith & Nephew's claim construction brief.

Hologic supplements the record with two passages from the inventor's deposition. First, in support of Hologic's argument that the claims of the '359 patent require the presence of a "further outlet channel," Hologic cited, among other passages, a portion of the Summary Of the Invention that states: "[a]ccording to the invention, a further outlet channel is provided…. ***This makes it possible*** to remove undesired tissue from cavities such as the uterus." (Dkt. 45 at 16 (citing '359 patent col. 2:24-34 (emphasis added).)

In response, S&N suggested that the word "this" in the phrase "this makes it possible" did not refer to the further outlet channel. (Dkt. 52 at 6-8.) At deposition, however, the inventor confirmed Hologic's understanding that it is the further outlet channel that makes the claimed method possible:

> **Q.** Now, do you see later in the paragraph it says, "This makes it possible also to remove undesired tissue from cavities such as the uterus." Do you see that?

      **A.**  Yes.

      **Q.**  The "this" in that sentence refers to the further outlet channel above, right?

      **A.**  Yes.

(Ex. A [Emanuel] at 230:6-13.)

      Second, the inventor undermined S&N's contention that the specification of the '359 patent describes a device without the further outlet channel.  Specifically, S&N contended in its Opening Markman Brief that the following passage expressly describes a device with no further outlet channel:

> The invention also relates to a method for the removal of uterus tissue in which ***the device described above*** is used.  In other words, a machining operation is now applied with the use of a physiological fluid which can be electrically conducting without any problem, while at the same time the removed tissue is sucked out.  It is, of course, possible to suck out the tissue at a later stage.  The machining operation is carried out by a rotating action.

(Dkt. No. 47 at 15-16 (citing '359 patent at col. 3:8-15) (emphasis added).)  Hologic pointed out in its rebuttal brief, however, that the phrase "device described above" refers to the further outlet channel discussed at the beginning of the Summary of the Invention.  (Dkt. No. 50 at 11-12.)  At his recent deposition, the inventor agreed with Hologic:

      **Q.**  Okay.  Then also there's a last line on Page 3, and it continues on to Page 4.  Do you see it also uses the phrase "the device described above," right?

      **A.**  Yes.

      **Q.**  That's also referring to the device with the further outlet channel?

…

      **A.**  I think so.

(Ex. A [Emanuel] 232:6-15 (objection omitted).)  This is consistent with the inventor's prior testimony from his preliminary injunction deposition.  (*See* Dkt. No. 50 at 11 (citing Dkt. No. 29 Ex. A 31:11-18 ("Q. Is there anywhere in the '359 patent where you identify a device that can

achieve the desired continued flow without two separate channels, one primarily for tissue removal and one primarily for fluid circulation?...A. I don't know.")).)

Hologic requests that the Court consider these passages in determining the proper meaning of the disputed claim terms.

Dated:  April 26, 2012

Respectfully submitted,

**HOLOGIC, INC.**
By its attorneys,

/s/  Joel R. Leeman
Joel R. Leeman, BBO # 292070
Jack C. Schecter, BBO # 652349
Sunstein Kann Murphy & Timbers LLP
125 Summer Street
Boston, MA 02110-1618
Tel: 617-443-9292
Fax: 617-443-0004
jleeman@sunsteinlaw.com

Matthew M. Wolf *(admitted pro hac vice)*
Marc A. Cohn *(admitted pro hac vice)*
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC  20004-1206
Tel: 202-942-5000
Fax: 202-942-5999
matthew.wolf@aporter.com
marc.cohn@aporter.com

**CERTIFICATE OF SERVICE**

I certify that on the above date, this document was filed through the ECF system and thereupon sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/  Joel R. Leeman
Joel R. Leeman

03619/00502 1631271.1