

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/780,759 | 07/20/2007 | Mark Hans Emanuel | 00167-404002/PT2396USDIV | 4646 |

26166    7590    07/26/2010
FISH & RICHARDSON P.C.
SMITH & NEPHEW, INC.
150 Minuteman Road
Andover, MA 01810

| EXAMINER |
|---|
| BUI, VY Q |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3773 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/26/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

SNEM0006830

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 11/780,759 | EMANUEL, MARK HANS |
| | Examiner | Art Unit |
| | Vy Q. Bui | 3773 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>05 May 2010</u>.
2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) <u>15-36</u> is/are pending in the application.
   4a) Of the above claim(s) <u>15-30</u> is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>31-36</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some * c) ☐ None of:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 08-06)   Office Action Summary   Part of Paper No./Mail Date 20100722

## DETAILED ACTION

The previous non-final office action has been vacated and replaced with this present non-final office action for a better presentation of the examiner's position.

### Election/Restrictions

Applicant's election without traverse of the invention of Group II (claims 31-36) in the reply filed on 5/5/2010 is acknowledged.

### Drawings

The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the limitation "light guide" must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet"

Application/Control Number: 11/780,759                                                                Page 3
Art Unit: 3773

pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

1.      Claims 31-34 are rejected under 35 U.S.C. 103(a) as being unpatentable over Grossi et al.-5,320,091 in view of Grinberg-5,759,185.

As to claims 31-34, Grossi-'091 (F 1-15, for example) discloses a continuous flow hysteroscope 20 for well known treatments of a uterus such as an endometrial ablation (C 1, L 56-57) and inherently a method substantially as recited in the claims, except for using a cutter driven by a motor.

Grossi-'091 discloses hysteroscope 20 (F 1-6) comprising outer sheath 22, endoscope 24 (F 5) having 1st channel 104 as a light guide permanently fixed to endoscope 24 as an inflow conduit and for telescope 106, 2nd channel 108 as an inflow conduit and for receiving a working tool 26 (F 2) extending distally beyond endoscope 24.

Grossi-'091 does not discloses working tool 26 comprising an outer tube, a cutting element having a lumen for an outflow, and the cutting element is driven by a motor.

However, Grinberg-'185 (F 1-4) discloses a tissue inner cutting element 14 having lumen 17 for an outflow, and inner cutting element 14 is driven by motor 92 relatively to outer tube 12 (F 1-6) for an effective cutting of a tissue.

As taught by Bonnell-'444, it would have been obvious to one of ordinary skill in the art to use the method as recited in the claims when one replaces Grinberg-'185 device with a motor driven cutter for working tool of Grossi-'091 to effectively remove a tissue from a uterus.

2.   Claims 35-36 are rejected under 35 U.S.C. 103(a) as being unpatentable over Grossi et al.-5,320,091 in view of Bonnell et al.-4,203,444.

As to claims 35-36, Grossi-'091 (F 1-15, for example) discloses a continuous flow hysteroscope 20 for well known treatments of a uterus such as an <u>endometrial ablation</u> or removing an endometrial membrane inside a uterus (C 1, L 56-57) and inherently a method substantially as recited in the claims, except for using a cutter driven by a motor.

Grossi-'091 discloses hysteroscope 20 (F 1-6) comprising outer sheath 22, endoscope 24 (F 5) having 1st channel 104 as a light guide permanently fixed to endoscope 24 as an inflow conduit and for telescope 106, 2nd channel 108 as an inflow conduit and for receiving a working tool 26 (F 2) extending distally beyond endoscope 24.

Grossi-'091 does not discloses working tool 26 comprising an outer tube having teeth, an inner tube cutting element having teeth, and the inner cutting tube is driven by a motor.

However, Bonnell-'444 (F 3-5, 7-9) discloses a tissue tubular inner cutter 32 having an outflow lumen, and is driven by motor 54 (F 1) to rotate relatively to outer tube 22 (F 1-6) to cut a tissue. Outer tube 22 defines a toothed/serrated window 28 for an effective cutting of a tissue by preventing axial moving of the tissue during a cutting operation (C 4, L 18-22). Cutter 32 defines a window for receiving the tissue being cut.

As taught by Bonnell-'444, it would have been obvious to one of ordinary skill in the art to use the method as recited in the claims when one replaces tool 26 of Grossi-'091 with Bonnell-'444 device having a motor driven cutter with either serrated/toothed window of the

Application/Control Number: 11/780,759   Page 5
Art Unit: 3773

outer tube or serrated/toothed window of the cutter inner tube to effectively remove a tissue from a uterus by preventing axial moving of the tissue during a cutting operation.

## *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Vy Q. Bui whose telephone number is 571-272-4692. The examiner can normally be reached on Monday-Tuesday and Thursday-Friday.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jackie Ho can be reached on 571-272-4696. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Vy Q. Bui/
Primary Examiner, Art Unit 3773

SNEM0006835

| *Notice of References Cited* | Application/Control No. 11/780,759 | Applicant(s)/Patent Under Reexamination EMANUEL, MARK HANS | | |
|---|---|---|---|---|
| | Examiner Vy Q. Bui | Art Unit 3773 | Page 1 of 1 | |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-5,320,091 | 06-1994 | Grossi et al. | 600/104 |
| * | B | US-5,759,185 | 06-1998 | Grinberg, Alexander | 606/80 |
| * | C | US-4,203,444 | 05-1980 | Bonnell et al. | 604/22 |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)     **Notice of References Cited**     Part of Paper No. 20100722