Attorney Docket No.: 00167-0404002 / PT-2396-US-DIV

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant | : Mark Hans Emanuel | Art Unit | : 3773 |
| Serial No. | : 11/780,759 | Examiner | : Bui, Vy Q. |
| Filed | : July 20, 2007 | Conf. No. | : 4646 |
| Title | : SURGICAL ENDOSCOPIC CUTTING DEVICE AND METHOD FOR ITS USE | | |

**Mail Stop Amendment**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

<u>AMENDMENT IN REPLY TO ACTION OF JULY 26, 2010</u>

Please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 9 of this paper.

SNEM0006805

Applicant  : Mark Hans Emanuel
Serial No. : 11/780,759
Filed      : July 20, 2007
Page       : 2 of 12

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

Amendments to the Specification

Please replace the paragraph beginning at page 4, line 30 with the following amended paragraph:

With reference to FIG. 2, it can be seen that the viewing/receiving part 3, is composed of an outer tube 4 in which a main channel 5 and viewing channel 6 are defined. Viewing channel 6 ends at one side in a lens 13 and at the other side in a viewing tube 7, on which an eyepiece or camera connection is placed. A connection 8 for a light source is also present, for connection to a <u>light guide, such as a</u> fibre optics bundle<u>,</u> which provides for lighting at the end of lens 13. Near the control end, tube 4 is provided with a fluid inlet 9 connected to a hose 12, for adding a physiological salt solution.

SNEM0006806

Applicant : Mark Hans Emanuel
Serial No. : 11/780,759
Filed : July 20, 2007
Page : 3 of 12

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

Amendments to the Claims

This listing of claims replaces all prior versions and listings of claims in the application.

Listing of Claims

1-14. (Cancelled)

15. (Withdrawn) Method for the removal of tissue from a distensible organ, comprising

inserting into said distensible organ a device for cutting and detaching said tissue,

introducing a fluid into said distensible organ,

discharging fluid with detached tissue along a first path, and

discharging substantially only fluid along a second path, said discharge along said second path being regulated to control pressure in said distensible organ.

16. (Withdrawn) Method for the removal of tissue from a body cavity, comprising

inserting a device into said cavity for cutting and detaching said tissue,

introducing a fluid into said cavity,

discharging fluid with detached tissue along a first path terminating at a first path source of suction, and

discharging substantially only fluid along a second path terminating at a second path source of suction, said second path being completely separate from said first path,

wherein said discharge along said second path is regulated to control pressure in said body cavity.

17. (Withdrawn) Method for the removal of tissue from a body cavity, comprising

inserting into said cavity a device having at least one of a sharp edge and teeth for cutting and detaching said tissue,

introducing a fluid into said cavity,

discharging fluid with detached tissue along a first path, and

SNEM0006807

Applicant    : Mark Hans Emanuel
Serial No.   : 11/780,759
Filed        : July 20, 2007
Page         : 4 of 12

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

discharging substantially only fluid along a second path, said discharge along said second path being regulated to control pressure in said body cavity.

18. (Withdrawn) Method for the removal of tissue from a distensible organ, comprising
inserting into said distensible organ a device for cutting and detaching said tissue,
introducing a fluid into said distensible organ,
discharging fluid with detached tissue along a first path, and
discharging substantially only fluid along a second path, said discharge along said second path being regulated to control distension in said distensible organ.

19. (Withdrawn) The method of claim 18, wherein said first path terminates at a first path source of suction and said second path terminates at a second path source of suction, said second path being completely separate from said first path.

20. (Withdrawn) Method for the removal of tissue from a distensible organ, comprising
inserting into said distensible organ a device having at least one of a sharp edge and teeth for cutting and detaching said tissue,
introducing a fluid into said distensible organ,
discharging fluid with detached tissue along a first path, and
discharging substantially only fluid along a second path, said discharge along said second path being regulated to control distension in said distensible organ.

21. (Withdrawn) Method for the removal of tissue from a distensible organ, comprising
inserting into said distensible organ a device for cutting and detaching said tissue,
introducing a fluid into said distensible organ,
discharging fluid with detached tissue along a first path, and
discharging substantially only fluid along a second path, said discharge along said second path being regulated to make clear a view of the distensible organ through an endoscope.

SNEM0006808

Applicant  : Mark Hans Emanuel
Serial No. : 11/780,759
Filed      : July 20, 2007
Page       : 5 of 12

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

22. (Withdrawn) Method for the removal of tissue from a body cavity, comprising

inserting a device into said cavity for cutting and detaching said tissue,

introducing a fluid into said cavity,

discharging fluid with detached tissue along a first path terminating at a first path source of suction, and

discharging substantially only fluid along a second path terminating at a second path source of suction, said second path being completely separate from said first path,

wherein said discharge along said second path is regulated to make clear a view of the cavity through an endoscope.

23. (Withdrawn) Method for the removal of tissue from a body cavity, comprising

inserting into said cavity a device having at least one of a sharp edge and teeth for cutting and detaching said tissue,

introducing a fluid into said cavity,

discharging fluid with detached tissue along a first path, and

discharging substantially only fluid along a second path, said discharge along said second path being regulated to make clear a view of the cavity through an endoscope.

24. (Withdrawn) The method of claim 15, wherein inserting said device into said distensible organ comprises inserting said device into a uterus.

25. (Withdrawn) The method of claim 16, wherein inserting said device into said cavity comprises inserting said device into a uterus.

26. (Withdrawn) The method of claim 17, wherein inserting said device into said cavity comprises inserting said device into a uterus.

27. (Withdrawn) The method of claim 16, wherein inserting said device into said cavity comprises inserting said device into a distensible organ.

Applicant    :  Mark Hans Emanuel
Serial No.   :  11/780,759
Filed        :  July 20, 2007
Page         :  6 of 12

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

28. (Withdrawn) The method of claim 17, wherein inserting said device into said cavity comprises inserting said device into a distensible organ.

29. (Withdrawn) Method for the removal of tissue from a cavity, comprising:
inserting into the cavity a device for cutting and detaching said tissue;
introducing a fluid into the cavity;
discharging fluid with detached tissue along a first path;
discharging substantially only fluid along a second path; and
controlling a pressure in the cavity by metering fluid to maintain the pressure in the cavity substantially constant.

30. (Withdrawn) The method of claim 29, wherein inserting the device into the cavity comprises inserting the device into a distensible organ.

31. (Currently Amended) A method for removal of tissue from a uterus, comprising:
inserting a distal region of an endoscope into said uterus, the endoscope including an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to the distal region, the first channel having a light guide permanently affixed therein~~to the elongated member~~; followed by:
inserting a motor driven cutter into the second channel such that a distal cutting region of the cutter extends distally beyond the endoscope in the uterus;
delivering fluid into the uterus through the endoscope to distend the uterus;
energizing an electric motor to drive the cutter to cut tissue within the uterus; and
aspirating cut tissue and fluid from the uterus and the endoscope through the cutter.

32. (Previously Presented) The method of claim 31 wherein inserting the motor driven cutter comprises inserting an outer tube defining a cutting window at a distal region of the outer tube and an inner tube received within the outer tube that is configured to rotate relative to the outer tube to cut tissue, the inner tube including a cutting element at a distal region of the inner

Applicant : Mark Hans Emanuel  
Serial No. : 11/780,759  
Filed : July 20, 2007  
Page : 7 of 12  
Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

tube configured to cut tissue at the cutting window when the inner tube rotates relative to the outer tube.

33. (Currently Amended) A method for removal of tissue from a uterus, comprising:

inserting a distal region of an endoscope into the uterus, the endoscope including an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to the distal region, the first channel having a light guide permanently affixed <u>therein</u><s>to the elongated member</s>; followed by<u>:</u>

inserting a motor driven cutter for cutting and detaching tissue into the second channel;

introducing fluid into the uterus; and

aspirating fluid with detached tissue from the uterus through a lumen of the cutter.

34. (Previously Presented) The method of claim 33 wherein inserting the motor driven cutter comprises inserting an outer tube defining a cutting window at a distal region of the outer tube and an inner tube received within the outer tube that is configured to rotate relative to the outer tube to cut tissue, the inner tube including a cutting element at a distal region of the inner tube configured to cut tissue at the cutting window when the inner tube rotates relative to the outer tube.

35. (Previously Presented) A method for the removal of tissue from a uterus, comprising:

inserting into the uterus a motor driven cutter for cutting and detaching tissue, the motor driven cutter including an outer tube defining a window having teeth at a distal region of the outer tube and an inner tube received within the outer tube, the inner tube including a cutting element at a distal region of the inner tube configured to cut tissue at the window;

introducing a fluid into the uterus; and

aspirating fluid with detached tissue from the uterus through the inner tube of the cutter.

Applicant    : Mark Hans Emanuel
Serial No.   : 11/780,759
Filed        : July 20, 2007
Page         : 8 of 12

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

36. (Previously Presented) A method for the removal of tissue from a uterus, comprising:

inserting into the uterus a motor driven cutter for cutting and detaching tissue, the motor driven cutter including an outer tube defining a first window at a distal region of the outer tube and an inner tube received within the outer tube, the inner tube defining a second window at a distal region of the inner tube, the second window having teeth and being configured to move relative to the first window to cut tissue at the first cutting window;

introducing fluid into the uterus; and

aspirating fluid with detached tissue from the uterus through the inner tube of the cutter.

37. (New) The method of claim 31, wherein inserting the distal region of the endoscope comprises inserting a distal region of an endoscope that includes a fiber optics bundle permanently affixed to the first channel of the elongated member.

38. (New) The method of claim 33, wherein inserting the distal region of the endoscope comprises inserting a distal region of an endoscope that includes a fiber optics bundle permanently affixed to the first channel of the elongated member.

39. (New) The method of claim 31, wherein inserting the distal region of the endoscope comprises inserting a distal region of an endoscope that includes a lens permanently affixed to the first channel of the elongated member.

40. (New) The method of claim 33, wherein inserting the distal region of the endoscope comprises inserting a distal region of an endoscope that includes a lens permanently affixed to the first channel of the elongated member.

Applicant   : Mark Hans Emanuel
Serial No.  : 11/780,759
Filed       : July 20, 2007
Page        : 9 of 12

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

## REMARKS

Applicants thank Examiner Bui for participating in a personal interview with applicants' representative on September 2, 2010. The substance of the interview is incorporated into the following remarks.

The Examiner has objected to the drawings for not showing the "light guide" recited in the claims. As discussed during the interview, a fiber optics bundle provides lighting at the end of the lens 13 shown in Fig. 2 as described at page 4, line 30 to page 5, line 4 of the specification. The fiber optics bundle is an implementation example of the recited light guide. For clarity and as requested by the Examiner, applicants have amended the specification to reference the fiber optics bundle as an exemplary light guide. Therefore, applicant requests reconsideration and withdrawal of this objection.

Independent claims 31 and 33, and their dependent claims 32 and 34, have been rejected as being unpatentable over Grossi (U.S. Patent No. 5,320,091) in view of Grinberg (U.S. Patent No. 5,759,185). Each of claims 31 and 33, as amended, recites, among other features, inserting a distal region of an endoscope into a uterus. The endoscope includes an elongated member defining discrete first and second channels, and the <u>first channel has a light guide permanently affixed therein</u>. As acknowledged by the Examiner during the interview, Grossi does not describe or suggest inserting such an endoscope into a uterus. Specifically, the first channel 104 (which the Office Action alleges corresponds to the recited first channel) of Grossi's inner member 24 (which the Office Action alleges corresponds to the recited endoscope) does not include a light guide <u>permanently affixed therein</u>. Rather, as discussed during the interview, the first channel 104 of Grossi's inner member 24 <u>removably</u> receives a telescope 106. Grinberg, which is relied upon for disclosing a cutter for insertion into Grossi's scope, also does not describe or suggest the above-noted feature.

For at least these reasons, applicants request reconsideration and withdrawal of the rejections of claims 31 and 33, and their dependent claims.

As discussed during the interview, applicants also request reconsideration and withdrawal of the rejections of claims 31 and 33, and their dependent claims, for the additional reason that a

SNEM0006813

Applicant : Mark Hans Emanuel
Serial No. : 11/780,759
Filed : July 20, 2007
Page : 10 of 12

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

person of ordinary skill in the art would not have combined the teachings of Grossi and Grinberg in the manner proposed by the Office Action. Specifically, the Office Action acknowledges that Grossi does not describe or suggest inserting a motor driven cutter having a lumen for a fluid outflow into a uterus. See page 3 of Office Action. The Office Action refers to Grinberg as describing such a motor-driven cutter and then asserts that "it would have been obvious to one of ordinary skill in the art to use the method as recited in the claims when one replaces Grinberg-'185 device with a motor driven cutter for working tool of Gross-'091 to effectively remove a tissue from a uterus." See page 4 of Office Action. Applicants disagree.

As stated in the interview, a person of ordinary skill in the art would not have used Grinberg's surgical instrument 10, which is designed for cutting bone tissue, in a uterus because the suction outflow through inner tube 14 of instrument 10 would introduce pressure instability into the uterus. Maintaining a substantially constant pressure in the uterus is very important to enable successful removal of tissue from the uterus. Distension of the uterus, however, requires only a relatively small volume of fluid and, thus, the removal of even small amounts of fluid from the uterus can result in undesirable pressure drops that can cause the uterus to drastically deflate. In recognition of this, a person of ordinary skill in the art at the time of the invention would not have used Grinberg's surgical instrument 10 in the uterus because the variable suction outflow through the suction passage 15 of inner tube 14 would introduce variable, transient and significant pressure drops during the surgery that could potentially cause the distension of the uterus to change drastically during the surgery. These pressure drops occur as a result of the suctioning of fluid and cut tissue from the uterus through the suction passage 15 during cutting.

For at least this additional reason, applicants request reconsideration and withdrawal of the rejection of claims 31 and 33, and their dependent claims.

Independent claims 35 and 36 have been rejected as being unpatentable over Grossi in view of Bonnell (U.S. Patent No. 4,203,444). Each of independent claims 35 and 36 recites, among other features, inserting into a uterus a motor driven cutter, and aspirating fluid with detached tissue from the uterus through the inner tube of the cutter. Applicants request

Applicant   : Mark Hans Emanuel
Serial No.  : 11/780,759
Filed       : July 20, 2007
Page        : 11 of 12

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

reconsideration and withdrawal of the rejections of claims 35 and 36 because neither Grossi, Bonnell, nor any proper combination of the two describes or suggests these features.

The Office Action acknowledges that Grossi does not describe or suggest inserting a motor driven cutter having a lumen for a fluid outflow into a uterus. See page 4 of Office Action. The Office Action refers to Bonnell as describing such a motor-driven cutter and then asserts that "it would have been obvious to one of ordinary skill in the art to use the method as recited in the claims when one replaces tool 26 of Grossi '091 with Bonnell –'444 device having a motor driven cutter with either serrated/toothed window of the outer tube or serrated/toothed window of the cutter inner tube to effectively remove a tissue from a uterus by preventing axial moving of the tissue during a cutting operation." See page 5 of Office Action. Applicants disagree.

As discussed during the interview, a person of ordinary skill in the art would not have used Bonnell's surgical instrument 10, which is designed for cutting tissue in the knee, in a uterus because the suction outflow through inner tube 32 of instrument 10 would introduce pressure instability into the uterus. As mentioned above, this pressure instability can be very dangerous because the corresponding variable pressure drops can cause the distension of the uterus to change drastically during surgery. A person of ordinary skill in the art would have recognized this and, therefore, would not have used Bonnell's surgical instrument 10 in a uterus.

For at least this reason, applicants request reconsideration and withdrawal of the rejection of claims 35 and 36.

Applicants do not acquiesce in the Examiner's characterizations of the art. For brevity and to advance prosecution, however, applicants may have not addressed all characterizations of the art and reserve the right to do so in further prosecution of this or a subsequent application. The absence of an explicit response by the applicants to any of the Examiner's positions does not constitute a concession of the Examiner's positions. The fact that applicants' comments have focused on particular arguments does not constitute a concession that there are not other arguments for patentability of the claims. All of the dependent claims are patentable for at least the reasons given with respect to the claims on which they depend.

| | |
|---|---|
| Applicant : Mark Hans Emanuel | Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV |
| Serial No. : 11/780,759 | |
| Filed : July 20, 2007 | |
| Page : 12 of 12 | |

Applicants submit that all claims are in condition for allowance.

Please apply any charges or credits to deposit account 06-1050.

Respectfully submitted,

Date: 10-25-10                                  / Roberto J. Devoto /
                                                Roberto J. Devoto
                                                Reg. No. 55,108

Customer Number 26166
Fish & Richardson P.C.
Telephone: (202) 783-5070
Facsimile: (877) 769-7945

40681222