

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/780,759 | 07/20/2007 | Mark Hans Emanuel | 00167-404002/PT2396USDIV | 4646 |

26166          7590          01/05/2011
FISH & RICHARDSON P.C.
SMITH & NEPHEW, INC.
150 Minuteman Road
Andover, MA 01810

| EXAMINER |
|---|
| BUI, VY Q |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3773 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/05/2011 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

SNEM0006791

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/780,759 | EMANUEL, MARK HANS |
| | Examiner | Art Unit |
| | Vy Q. Bui | 3773 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>25 October 2010</u>.
2a) ☒ This action is **FINAL**.     2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) <u>15-40</u> is/are pending in the application.
   4a) Of the above claim(s) <u>15-30</u> is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>31-40</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 08-06)        Office Action Summary        Part of Paper No./Mail Date 20110103

Application/Control Number: 11/780,759 Page 2
Art Unit: 3773

## DETAILED ACTION

### *Election/Restrictions*

Applicant's election without traverse of the invention of Group II (claims 31-36) in the reply filed on 5/5/2010 is acknowledged.

### *Claim Rejections - 35 USC § 103*

The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

Claims 31-40 are rejected under 35 U.S.C. 103(a) as being unpatentable over Grossi et al.-5,320,091 in view of Grinberg-5,759,185 and further in view of Savage et al.-6,032,673.

1. As to claims 31-34, Grossi-'091 (F 1-15, for example) discloses a continuous flow hysteroscope 20 for well known treatments of a uterus such as an endometrial ablation (C 1, L 56-57) and inherently a method substantially as recited in the claims, except for using a cutter driven by a motor.

Grossi-'091 discloses hysteroscope 20 (F 1-6) comprising outer sheath 22, endoscope 24 (F 5) having 1st channel 104 as a light guide permanently fixed to endoscope 24 as an inflow conduit and for telescope 106, 2nd channel 108 as an inflow conduit and for receiving a working tool 26 (F 2) extending distally beyond endoscope 24.

Grossi-'091 does not discloses working tool 26 comprising an outer tube, a cutting element having a lumen for an outflow, and the cutting element is driven by a motor.

However, Grinberg-'185 (F 1-4) discloses a tissue inner cutting element 14 having lumen 17 for an outflow, and inner cutting element 14 is driven by motor 92 relatively to outer tube 12 (F 1-6) for an effective cutting of a tissue.

As taught by Grinberg.-'185, it would have been obvious to one of ordinary skill in the art to use the method as recited in the claims when one replaces Grinberg-'185 device with a motor driven cutter for working tool of Grossi-'091 to effectively remove a tissue from a uterus.

Further, as to claims 31-34 and 37-40, Grossi-'091 and Grinberg-'185 do not disclose fiber optic bundle and lens to provide viewing of the surgical site. However, Savage-'673 (Figs. 2A, 5, 8, 35; C 12: L 29-58; C 16: L 13-67; C 22: L 55 to C 23: L 2; C 27: L 10-29, for example) discloses a cutting device for cutting a tissue in an uterus comprising fiber optics and lens to provide viewing at the surgical site. In view of Savage-'673, it would have been obvious to one of ordinary skill in the art to provide fiber optics and lens for viewing the surgical site as this configuration would provide viewing of the surgical site for a physician during the surgical procedure.

2.     Claims 35-36 are rejected under 35 U.S.C. 103(a) as being unpatentable over Grossi et al.-5,320,091 in view of Bonnell et al.-4,203,444.

As to claims 35-36, Grossi-'091 (F 1-15, for example) discloses a continuous flow hysteroscope 20 for well known treatments of a uterus such as an endometrial ablation or removing an endometrial membrane inside a uterus (C 1, L 56-57) and inherently a method substantially as recited in the claims, except for using a cutter driven by a motor.

Grossi-'091 discloses hysteroscope 20 (F 1-6) comprising outer sheath 22, endoscope 24 (F 5) having 1st channel 104 as a light guide permanently fixed to endoscope 24 as an

Application/Control Number: 11/780,759 Page 4
Art Unit: 3773

inflow conduit and for telescope 106, 2nd channel 108 as an inflow conduit and for receiving a working tool 26 (F 2) extending distally beyond endoscope 24.

Grossi-'091 does not discloses working tool 26 comprising an outer tube having teeth, an inner tube cutting element having teeth, and the inner cutting tube is driven by a motor.

However, Bonnell-'444 (F 3-5, 7-9) discloses a tissue tubular inner cutter 32 having an outflow lumen, and is driven by motor 54 (F 1) to rotate relatively to outer tube 22 (F 1-6) to cut a tissue. Outer tube 22 defines a toothed/serrated window 28 for an effective cutting of a tissue by preventing axial moving of the tissue during a cutting operation (C 4, L 18-22). Cutter 32 defines a window for receiving the tissue being cut.

As taught by Bonnell-'444, it would have been obvious to one of ordinary skill in the art to use the method as recited in the claims when one replaces tool 26 of Grossi-'091 with Bonnell-'444 device having a motor driven cutter with either serrated/toothed window of the outer tube or serrated/toothed window of the cutter inner tube to effectively remove a tissue from a uterus by preventing axial moving of the tissue during a cutting operation.

### Response to Amendment

Specification has been amended to provide support for the limitation "a light guide" in the claims.

Claims 31, 33 have been amended and new claims 37-40 have been newly introduced.

In response to the amendment of claims 31, 33 and new claims 37-38, new reference **Savage et al.-6,032,673** has been applied to reject the amended and newly added claims as indicated in the above rejections.

The same grounds for rejection remain for unamended claims 36-36.

SNEM0006795

Application/Control Number: 11/780,759 Page 5
Art Unit: 3773

## Response to Arguments

Applicant's arguments filed 10/25/2010 have been fully considered but they are not persuasive because:

1. Grinber-'185's device is used for a knee surgery. The surgical cavity in Grinberg-'185 is small and the suction of Grinberg-'185's device is good enough for this small cavity, then it should be good enough for another small body cavity, such as an uterus. Further, it would be easy for one of ordinary skill in the art to regulate or control the suction power of Grinberg-'185's device to avoid too much suction of a surgical procedure in a uterus as desired.

2. Further, Savage-'673's device (F 2A; C 11: L 13-36, for example) comprises hollow cutter head C driven by a D.C. motor (C 2: L 53-55) for suction of infusion fluid and cut tissue through lumen 25. Savage-'673 clearly shows that a suction source can provide a proper aspiration / suction to a hollow cutter C driven by a D.C. motor for cutting a tissue in a uterus without any issue, such as variable pressure.

For at least two reasons indicated above, a combination of teachings of Grossi-'091 and Grinberg-'185 and Bonnell-'444 and Savage-'673 as indicated above is considered reasonable and proper.

## Conclusion

Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

SNEM0006796

Application/Control Number: 11/780,759 Page 6
Art Unit: 3773

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Vy Q. Bui whose telephone number is 571-272-4692 and email is "vy.bui@uspto.gov". The examiner can normally be reached on Monday-Tuesday and Thursday-Friday.
If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jackie Ho can be reached on 571-272-4696. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.
Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Vy Q. Bui/
Primary Examiner, Art Unit 3773