

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/780,759 | 07/20/2007 | Mark Hans Emanuel | 00167-404002/PT2396USDIV | 4646 |

| 26166        7590        04/07/2011 | EXAMINER |
|---|---|
| FISH & RICHARDSON P.C. | BUI, VY Q |
| SMITH & NEPHEW, INC. | |
| 150 Minuteman Road | ART UNIT · PAPER NUMBER |
| Andover, MA 01810 | 3773 |

| | MAIL DATE | DELIVERY MODE |
|---|---|---|
| | 04/07/2011 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

SNEM0006770

| *Advisory Action*<br>*Before the Filing of an Appeal Brief* | Application No.<br>11/780,759 | Applicant(s)<br>EMANUEL, MARK HANS |
|---|---|---|
| | Examiner<br>Vy Q. Bui | Art Unit<br>3773 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 31 March 2011 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

1. ☒ The reply was filed after a final rejection, but prior to or on the same day as filing a Notice of Appeal. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114. The reply must be filed within one of the following time periods:
   a) ☒ The period for reply expires _3_ months from the mailing date of the final rejection.
   b) ☐ The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.
      Examiner Note: If box 1 is checked, check either box (a) or (b). ONLY CHECK BOX (b) WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a).  The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee.  The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) above, if checked.  Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

NOTICE OF APPEAL

2. ☐ The Notice of Appeal was filed on _____.  A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37 CFR 41.37(a).

AMENDMENTS

3. ☒ The proposed amendment(s) filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because
   (a) ☒ They raise new issues that would require further consideration and/or search (see NOTE below);
   (b) ☐ They raise the issue of new matter (see NOTE below);
   (c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or
   (d) ☒ They present additional claims without canceling a corresponding number of finally rejected claims.
      NOTE: *See Continuation Sheet*. (See 37 CFR 1.116 and 41.33(a)).
4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).
5. ☐ Applicant's reply has overcome the following rejection(s): _____.
6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).
7. ☒ For purposes of appeal, the proposed amendment(s): a) ☒ will not be entered, or b) ☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.
   The status of the claim(s) is (or will be) as follows:
   Claim(s) allowed: _____.
   Claim(s) objected to: _____.
   Claim(s) rejected: _____.
   Claim(s) withdrawn from consideration: _____.

AFFIDAVIT OR OTHER EVIDENCE

8. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented.  See 37 CFR 1.116(e).
9. ☐ The affidavit or other evidence filed after the date of filing a Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing a good and sufficient reasons why it is necessary and was not earlier presented.  See 37 CFR 41.33(d)(1).
10. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

REQUEST FOR RECONSIDERATION/OTHER

11. ☐ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____.
12. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____
13. ☐ Other: _____.

/Vy Q. Bui/
Primary Examiner, Art Unit 3773

U.S. Patent and Trademark Office
PTOL-303 (Rev. 08-06)    Advisory Action Before the Filing of an Appeal Brief    Part of Paper No. 20110405

SNEM0006771

**Continuation Sheet (PTO-303)**                                                      **Application No. 11/780,759**

Continuation of 3. NOTE: New limitations have been introduced into independent claims 31, 33, 35, 36. New claims 41-42 have been added.

SNEM0006772

Attorney Docket No.: 00167-0404002 / PT-2396-US-DIV

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant | : Mark Hans Emanuel | Art Unit | : 3773 |
| Serial No. | : 11/780,759 | Examiner | : Bui, Vy Q. |
| Filed | : July 20, 2007 | Conf. No. | : 4646 |
| Title | : SURGICAL ENDOSCOPIC CUTTING DEVICE AND METHOD FOR ITS USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### AMENDMENT IN REPLY TO ACTION OF JANUARY 5, 2010

Please amend the above-identified application as follows:

Applicant   : Mark Hans Emanuel
Serial No.  : 11/780,759
Filed       : July 20, 2007
Page        : 2 of 14

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

Amendments to the Claims

This listing of claims replaces all prior versions and listings of claims in the application.

Listing of Claims

1-14. (Cancelled)

15. (Withdrawn) Method for the removal of tissue from a distensible organ, comprising
inserting into said distensible organ a device for cutting and detaching said tissue,
introducing a fluid into said distensible organ,
discharging fluid with detached tissue along a first path, and
discharging substantially only fluid along a second path, said discharge along said second path being regulated to control pressure in said distensible organ.

16. (Withdrawn) Method for the removal of tissue from a body cavity, comprising
inserting a device into said cavity for cutting and detaching said tissue,
introducing a fluid into said cavity,
discharging fluid with detached tissue along a first path terminating at a first path source of suction, and
discharging substantially only fluid along a second path terminating at a second path source of suction, said second path being completely separate from said first path,
wherein said discharge along said second path is regulated to control pressure in said body cavity.

17. (Withdrawn) Method for the removal of tissue from a body cavity, comprising
inserting into said cavity a device having at least one of a sharp edge and teeth for cutting and detaching said tissue,
introducing a fluid into said cavity,

SNEM0006774

Applicant   : Mark Hans Emanuel          Attorney's Docket No.: 00167-0404002 / PT-2396-US-
Serial No.  : 11/780,759                                                                 DIV
Filed       : July 20, 2007
Page        : 3 of 14

discharging fluid with detached tissue along a first path, and

discharging substantially only fluid along a second path, said discharge along said second path being regulated to control pressure in said body cavity.

18. (Withdrawn) Method for the removal of tissue from a distensible organ, comprising

inserting into said distensible organ a device for cutting and detaching said tissue,

introducing a fluid into said distensible organ,

discharging fluid with detached tissue along a first path, and

discharging substantially only fluid along a second path, said discharge along said second path being regulated to control distension in said distensible organ.

19. (Withdrawn) The method of claim 18, wherein said first path terminates at a first path source of suction and said second path terminates at a second path source of suction, said second path being completely separate from said first path.

20. (Withdrawn) Method for the removal of tissue from a distensible organ, comprising

inserting into said distensible organ a device having at least one of a sharp edge and teeth for cutting and detaching said tissue,

introducing a fluid into said distensible organ,

discharging fluid with detached tissue along a first path, and

discharging substantially only fluid along a second path, said discharge along said second path being regulated to control distension in said distensible organ.

21. (Withdrawn) Method for the removal of tissue from a distensible organ, comprising

inserting into said distensible organ a device for cutting and detaching said tissue,

introducing a fluid into said distensible organ,

discharging fluid with detached tissue along a first path, and

Applicant   :  Mark Hans Emanuel
Serial No.  :  11/780,759
Filed       :  July 20, 2007
Page        :  4 of 14

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

discharging substantially only fluid along a second path, said discharge along said second path being regulated to make clear a view of the distensible organ through an endoscope.

22. (Withdrawn) Method for the removal of tissue from a body cavity, comprising

inserting a device into said cavity for cutting and detaching said tissue,

introducing a fluid into said cavity,

discharging fluid with detached tissue along a first path terminating at a first path source of suction, and

discharging substantially only fluid along a second path terminating at a second path source of suction, said second path being completely separate from said first path,

wherein said discharge along said second path is regulated to make clear a view of the cavity through an endoscope.

23. (Withdrawn) Method for the removal of tissue from a body cavity, comprising

inserting into said cavity a device having at least one of a sharp edge and teeth for cutting and detaching said tissue,

introducing a fluid into said cavity,

discharging fluid with detached tissue along a first path, and

discharging substantially only fluid along a second path, said discharge along said second path being regulated to make clear a view of the cavity through an endoscope.

24. (Withdrawn) The method of claim 15, wherein inserting said device into said distensible organ comprises inserting said device into a uterus.

25. (Withdrawn) The method of claim 16, wherein inserting said device into said cavity comprises inserting said device into a uterus.

Applicant  : Mark Hans Emanuel
Serial No. : 11/780,759
Filed      : July 20, 2007
Page       : 5 of 14

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

26. (Withdrawn) The method of claim 17, wherein inserting said device into said cavity comprises inserting said device into a uterus.

27. (Withdrawn) The method of claim 16, wherein inserting said device into said cavity comprises inserting said device into a distensible organ.

28. (Withdrawn) The method of claim 17, wherein inserting said device into said cavity comprises inserting said device into a distensible organ.

29. (Withdrawn) Method for the removal of tissue from a cavity, comprising
inserting into the cavity a device for cutting and detaching said tissue;
introducing a fluid into the cavity;
discharging fluid with detached tissue along a first path;
discharging substantially only fluid along a second path; and
controlling a pressure in the cavity by metering fluid to maintain the pressure in the cavity substantially constant.

30. (Withdrawn) The method of claim 29, wherein inserting the device into the cavity comprises inserting the device into a distensible organ.

31. (Currently Amended) A method for removal of tissue from a uterus, comprising:
inserting a distal region of an endoscope into said uterus, the endoscope including <u>a valve and</u> an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to the distal region, the <u>second channel having a proximal end in communication with the valve such that fluid from the valve is able to flow into and through the second channel to the uterus, and the</u> first channel having a light guide permanently affixed therein <u>and being sealed from the second channel to prevent fluid from the valve from entering the uterus through the first channel</u>; followed by:

Applicant : Mark Hans Emanuel
Serial No. : 11/780,759
Filed : July 20, 2007
Page : 6 of 14

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

inserting a motor driven cutter into the second channel such that a distal cutting region of the cutter extends distally beyond the endoscope in the uterus;

delivering fluid into the uterus through the <u>valve and the second channel</u><s>endoscope</s> to distend the uterus;

energizing an electric motor to drive the cutter to cut tissue within the uterus; and

aspirating cut tissue and fluid from the uterus and the endoscope through the cutter.

32. (Previously Presented) The method of claim 31 wherein inserting the motor driven cutter comprises inserting an outer tube defining a cutting window at a distal region of the outer tube and an inner tube received within the outer tube that is configured to rotate relative to the outer tube to cut tissue, the inner tube including a cutting element at a distal region of the inner tube configured to cut tissue at the cutting window when the inner tube rotates relative to the outer tube.

33. (Currently Amended) A method for removal of tissue from a uterus, comprising:

inserting a distal region of an endoscope into the uterus, the endoscope including <u>a port for receiving a motor driven cutter and including</u> an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to the distal region, the first channel having a light guide permanently affixed therein <u>and the second channel having a straight, central longitudinal axis extending from the port to an opening at a distal tip of the endoscope</u>; followed by<u>:</u>

inserting [[a]]<u>the</u> motor driven cutter for cutting and detaching tissue into the second channel<u> through the port</u>;

introducing fluid into the uterus; and

aspirating fluid with detached tissue from the uterus through a lumen of the cutter.

34. (Previously Presented) The method of claim 33 wherein inserting the motor driven cutter comprises inserting an outer tube defining a cutting window at a distal region of the outer

tube and an inner tube received within the outer tube that is configured to rotate relative to the outer tube to cut tissue, the inner tube including a cutting element at a distal region of the inner tube configured to cut tissue at the cutting window when the inner tube rotates relative to the outer tube.

    35. (Currently Amended) A method for the removal of tissue from a uterus, comprising:
    <ins>inserting an insertion tube including a first valve into the uterus;</ins>
    <ins>inserting an endoscope into the insertion tube to form an assembly, the endoscope including a second valve and an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to a distal region of the elongated member, the first channel having a light guide permanently affixed therein, the second channel having a proximal end in communication with the second valve such that fluid from the second valve is able to flow into and through the second channel to a distal surgical site through an opening of the second channel at a distal face of a distal tip of the assembly, and the endoscope, when received within the insertion tube, forming a third channel bounded by an outer wall of the endoscope and an inner wall of the insertion tube such that fluid from the surgical site is able to flow into and through the third channel to the first valve through an opening of the third channel at the distal face of the distal tip of the assembly;</ins>
    inserting into the uterus <ins>and through the second channel of the endoscope</ins> a motor driven cutter for cutting and detaching tissue<del>, the motor driven cutter including an outer tube defining a window having teeth at a distal region of the outer tube and an inner tube received within the outer tube, the inner tube including a cutting element at a distal region of the inner tube configured to cut tissue at the window</del>;
    introducing a fluid into the uterus<ins> through the second valve and the second channel</ins>; and
    aspirating fluid with detached tissue from the uterus through the inner tube of the cutter.

    36. (Currently Amended) A method for the removal of tissue from a uterus, comprising:

Applicant   : Mark Hans Emanuel
Serial No.  : 11/780,759
Filed       : July 20, 2007
Page        : 8 of 14

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

<u>inserting into the uterus an insertion tube including a first valve for discharging fluid from the uterus;</u>

<u>inserting an endoscope into the insertion tube, the endoscope including a second valve, a third valve, and an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to a distal region of the elongated member, the first channel having a light guide permanently affixed therein, the second valve being in communication with the second channel to enable insertion of a motor driven cutter into the second channel through the second valve, and the third valve being in communication with the second channel to enable fluid flow into the uterus through the third valve and the second channel;</u>

inserting into the uterus <u>and through the second valve and the second channel the</u>[[a]] motor driven cutter for cutting and detaching tissue<u>,</u> <s>the motor driven cutter including an outer tube defining a first window at a distal region of the outer tube and an inner tube received within the outer tube, the inner tube defining a second window at a distal region of the inner tube, the second window having teeth and being configured to move relative to the first window to cut tissue at the first cutting window</s>;

introducing fluid into the uterus<u> through the third valve and the second channel</u>; and

aspirating fluid with detached tissue from the uterus through the inner tube of the cutter.


37. (Previously Presented) The method of claim 31, wherein inserting the distal region of the endoscope comprises inserting a distal region of an endoscope that includes a fiber optics bundle permanently affixed to the first channel of the elongated member.


38. (Previously Presented) The method of claim 33, wherein inserting the distal region of the endoscope comprises inserting a distal region of an endoscope that includes a fiber optics bundle permanently affixed to the first channel of the elongated member.

Applicant   : Mark Hans Emanuel
Serial No.  : 11/780,759
Filed       : July 20, 2007
Page        : 9 of 14

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

39. (Previously Presented) The method of claim 31, wherein inserting the distal region of the endoscope comprises inserting a distal region of an endoscope that includes a lens permanently affixed to the first channel of the elongated member.

40. (Previously Presented) The method of claim 33, wherein inserting the distal region of the endoscope comprises inserting a distal region of an endoscope that includes a lens permanently affixed to the first channel of the elongated member.

41. (New) The method of claim 35, wherein the motor driven cutter includes an outer tube defining a window having teeth at a distal region of the outer tube and an inner tube received within the outer tube, the inner tube including a cutting element at a distal region of the inner tube configured to cut tissue at the window.

42. (New) The method of claim 36, wherein the motor driven cutter includes an outer tube defining a first window at a distal region of the outer tube and an inner tube received within the outer tube, the inner tube defining a second window at a distal region of the inner tube, the second window having teeth and being configured to move relative to the first window to cut tissue at the first cutting window.

SNEM0006781

Applicant   : Mark Hans Emanuel
Serial No.  : 11/780,759
Filed       : July 20, 2007
Page        : 10 of 14

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

## REMARKS

Independent claims 31 and 33 have been rejected as being unpatentable over Grossi (U.S. Patent No. 5,320,091) in view of Grinberg (U.S. Patent No. 5,759,185) and Savage (U.S. Patent No. 6,032,673).

Claim 31, as amended, recites, among other features, inserting a distal region of an endoscope into a uterus. The endoscope includes <u>a valve and</u> an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to the distal region. The <u>second channel includes a proximal end in communication with the valve such that fluid from the valve is able to flow into and through the second channel to the uterus, and the</u> first channel includes a light guide permanently affixed therein. The first channel is <u>sealed from the second channel to prevent fluid from the valve from entering the uterus through the first channel</u>. Applicants request reconsideration and withdrawal of the rejection of claim 31 and its dependent claims because neither Grossi, nor any proper combination of Grossi with Grinberg and Savage describes or suggests inserting, into a uterus, a distal region of an endoscope that includes an elongated member having the recited two channels.

Grossi describes a hysteroscope that includes an inner member 24 having a first channel 104 (which the Office Action alleges corresponds to the recited first channel) and a second channel 108 (which the Office Action alleges corresponds to the recited second channel). While Grossi describes that the second channel 108 receives fluid from a first valve 90 and that the fluid traverses the second channel 108 to a uterus, Grossi does not describe or suggest that the first channel 104 is sealed from the second channel 108 to prevent fluid from the first valve 90 from entering the uterus through the first channel 104. Rather, Grossi describes that the fluid that passes through the first valve 90 passes through both the first channel 104 and the second channel 108 to the uterus. See Grossi at col. 6, lines 20-34. Grinberg, which is relied upon for disclosing a cutter for insertion into Grossi's scope, and Savage, which is relied upon for disclosing a fiber optic bundle and lens that enable viewing of a surgical site, also do not describe or suggest the above-noted feature.

Applicant   : Mark Hans Emanuel
Serial No. : 11/780,759
Filed        : July 20, 2007
Page        : 11 of 14

Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV

For at least these reasons, applicants request reconsideration and withdrawal of the rejection of claim 31 and its dependent claims.

Claim 33, as amended, recites, among other features, inserting a distal region of an endoscope into a uterus. The endoscope includes <u>a port for receiving a motor driven cutter and includes</u> an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to the distal region. The first channel includes a light guide permanently affixed therein <u>and the second channel has a straight, central longitudinal axis extending from the port to an opening at a distal tip of the endoscope</u>. Applicants request reconsideration and withdrawal of the rejection of claim 33 and its dependent claims because neither Grossi, nor any proper combination of Grossi with Grinberg and Savage describes or suggests inserting, into a uterus, a distal region of an endoscope that includes an elongated member having the recited two channels.

In particular, the second channel 108 of Grossi's hysteroscope does not have a straight, central longitudinal axis extending from an entry port 112 to an opening at a distal tip of the hysteroscope. Rather, as shown in Fig. 2 of Grossi, the central longitudinal axis of the second channel 108 exhibits a bend between the entry port 112 and the opening at the distal tip of the hysteroscope. Grinberg, which is relied upon for disclosing a cutter for insertion into Grossi's scope, and Savage, which is relied upon for disclosing a fiber optic bundle and lens that enable viewing of a surgical site, also do not describe or suggest the above-noted feature.

For at least these reasons, applicants request reconsideration and withdrawal of the rejection of claim 33 and its dependent claims.

Independent claims 35 and 36 have been rejected as being unpatentable over Grossi in view of Bonnell (U.S. Patent No. 4,203,444).

Claim 35, as amended, recites, among other features, inserting an insertion tube that includes a first valve into the uterus, and inserting an endoscope into the insertion tube to form an assembly. The endoscope includes a second valve and an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to a distal region of the elongated member. The first channel includes a light guide permanently

| | |
|---|---|
| Applicant : Mark Hans Emanuel | Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV |
| Serial No. : 11/780,759 | |
| Filed : July 20, 2007 | |
| Page : 12 of 14 | |

affixed therein, and the second channel includes a proximal end in communication with the second valve such that fluid from the second valve is able to flow into and through the second channel to a distal surgical site through an opening of the second channel at a distal face of a distal tip of the assembly. The endoscope, when received within the insertion tube, forms a third channel bounded by an outer wall of the endoscope and an inner wall of the insertion tube such that fluid from the surgical site is able to flow into and through the third channel to the first valve through an opening of the third channel at the distal face of the distal tip of the assembly. Applicants request reconsideration and withdrawal of the rejection of claim 35 because neither Grossi nor any proper combination of Grossi with Bonnel describes or suggests inserting an endoscope into an insertion tube such that the recited third channel is formed.

Grossi describes a hysteroscope that includes an inner member 24 (which the Office Action alleges corresponds to the recited endoscope) having a first channel 104 and a second channel 108. Grossi's hysteroscope also includes an outer sheath 22 that includes a valve member 90 for fluid inflow to the uterus and a valve member 94 for fluid outflow from the uterus. The sheath 22 receives the inner member 24, as shown in Figs. 1 and 2 of Grossi. Fluid from the valve member 90 is able to flow into the uterus via the first channel 104 and the second channel 108 and out of openings located at a distal face of the distal tip of the hysteroscope, as shown in Fig. 2 of Grossi. A channel for fluid outflow is formed between the outer wall 100 of the inner member 24 and the inner wall 40 of the outer sheath 22 that allows fluid to flow from the uterus out through the valve member 94. Notably, however, Grossi does not describe or suggest that this outflow channel includes an opening for receiving fluid from the uterus, the opening being located at the distal face of the distal tip of the hysteroscope (i.e., the same face of the hysteroscope that includes the openings of channels 104 and 108 through which fluid is injected into the uterus). Rather, Grossi describes that this outflow channel includes a plurality of openings 64 in a circumferential sidewall of the outer sheath 22 through which fluid is received from the uterus. See Fig. 2, col. 6, lines 44-63 of Grossi. Bonnell, which is relied upon for disclosing a motor driven cutter that includes an outer tube having teeth and an inner tube cutting element having teeth, also does not describe or suggest the above-noted features.

SNEM0006784

| | |
|---|---|
| Applicant : Mark Hans Emanuel | Attorney's Docket No.: 00167-0404002 / PT-2396-US-DIV |
| Serial No. : 11/780,759 | |
| Filed : July 20, 2007 | |
| Page : 13 of 14 | |

For at least these reasons, applicants request reconsideration and withdrawal of the rejection of claim 35.

Claim 36, as amended, recites, among other features, inserting into the uterus an insertion tube that includes a first valve for discharging fluid from the uterus, and inserting an endoscope into the insertion tube. The endoscope includes a second valve, a third valve, and an elongated member defining discrete first and second channels extending from a proximal region of the elongated member to a distal region of the elongated member. The first channel has a light guide permanently affixed therein, and the second valve is in communication with the second channel to enable insertion of a motor driven cutter into the second channel through the second valve. The third valve is in communication with the second channel to enable fluid flow into the uterus through the third valve and the second channel. Fluid is then introduced into the uterus through the third valve and the second channel. Applicants request reconsideration and withdrawal of the rejection of claim 36 and its dependent claims because neither Grossi nor any proper combination of Grossi with Bonnel describes or suggests inserting into an insertion tube an endoscope that includes a valve in communication with a channel to enable insertion of a cutter into the channel and another valve in communication with the same channel to enable fluid flow into the uterus through the other valve and the channel, and then introducing fluid into the uterus through the other valve and the channel.

Grossi's inner member 24 does not include both a valve in communication with the channel 108 to enable insertion of a working tool 26 (which the Office Action alleges corresponds to the recited cutter) into the channel 108 and another valve in communication with the channel 108 to enable fluid flow into the uterus through the other valve and the channel 108. Rather, Grossi's inner member 24 only includes a single entry port 112 in communication with the channel 108 to enable insertion of the working tool 26 into the channel 108. That is, the inner member 24 does not include an additional valve through which fluid is introduced into the uterus. Instead, outer sheath 22 includes the valve, i.e., valve member 90, through which fluid is introduced into the uterus. Bonnell also does not describe or suggest the above-noted features.

SNEM0006785

| | |
|---|---|
| Applicant : Mark Hans Emanuel | Attorney's Docket No.:  00167-0404002 / PT-2396-US-DIV |
| Serial No. : 11/780,759 | |
| Filed : July 20, 2007 | |
| Page : 14 of 14 | |

For at least these reasons, applicants request reconsideration and withdrawal of the rejection of claim 36.

Applicants do not acquiesce in the Examiner's characterizations of the art. For brevity and to advance prosecution, however, applicants may have not addressed all characterizations of the art and reserve the right to do so in further prosecution of this or a subsequent application. The absence of an explicit response by the applicants to any of the Examiner's positions does not constitute a concession of the Examiner's positions. The fact that applicants' comments have focused on particular arguments does not constitute a concession that there are not other arguments for patentability of the claims. All of the dependent claims are patentable for at least the reasons given with respect to the claims on which they depend.

Applicants submit that all claims are in condition for allowance.

Please apply any charges or credits to deposit account 06-1050.

Respectfully submitted,

Date: 3-31-11

/ Roberto J. Devoto /
Roberto J. Devoto
Reg. No. 55,108

Customer Number 26166
Fish & Richardson P.C.
Telephone: (202) 783-5070
Facsimile: (877) 769-7945

40717229