Case 1:11-cv-12064-RWZ   Document 80-31   Filed 05/18/12   Page 1 of 3

Smith & Nephew, Inc. vs.                William H. Gruber, Vol. I
Interlace Medical, Inc., et al.   Videotaped Deposition   September 30, 2011

Page 1

```
THIS TRANSCRIPT CONTAINS          Volume I
A HIGHLY CONFIDENTIAL --          Pages 1 to 324
OUTSIDE ATTORNEYS' EYES           Exhibits 23 to 48
ONLY PORTION
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - -x
                                  :
SMITH & NEPHEW, INC.,             :
         Plaintiff,               :
                                  : Civil Action
         vs.                      : No. 10-cv-10951-
                                  : RWZ
INTERLACE MEDICAL, INC., a        :
wholly owned business of          :
Hologic, Inc., and                :
HOLOGIC, INC.,                    :
         Defendants.              :
                                  :
- - - - - - - - - - - - - - - - -x

HIGHLY CONFIDENTIAL, VIDEOTAPED DEPOSITION OF INTERLACE MEDICAL, INC., by its designee WILLIAM H. GRUBER, and by WILLIAM H. GRUBER individually, a witness called on behalf of the Plaintiff, taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, at the Offices of Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts, on Friday, September 30, 2011, commencing at 9:05 a.m.

PRESENT:

   Nixon Peabody LLP
      (by Maia H. Harris, Esq. and
      Joseph J. Leghorn, Esq.)
      100 Summer Street, Boston, MA 02110,
      for the Plaintiff.

   Arnold & Porter LLP
      (by Marc A. Cohn, Esq.)
      555 Twelfth Street, N.W., Washington, D.C.
      20004-1206, for the Defendants.

Also present:  Lindsay G. McGuinness, Esq.
               Andrew Reese Hoffman, Videographer

Doris O. Wong Associates, Inc. Professional Court Reporters          (617) 426-2432
50 Franklin Street, Boston, MA 02110   Videoconference Center        www.doriswong.com

df9a15ec-305c-4258-b64c-dbae57f1f9bf

Case 1:11-cv-12064-RWZ   Document 80-31   Filed 05/18/12   Page 2 of 3

Smith & Nephew, Inc. vs.                           William H. Gruber, Vol. I
Interlace Medical, Inc., et al.   Videotaped Deposition        September 30, 2011

Page 278

1  A.  Are we talking about something that was
2  shown or something that was said?
3  Q.  Paragraph 20 states that "...Smith & Nephew
4  has published or shown to third parties false and
5  defamatory communications concerning Interlace."  Do
6  you see that?
7  A.  Published or shown to third parties false
8  and defamatory communications?
9  Q.  Concerning Interlace.
10  A.  Yes.
11  Q.  What communications does that allegation
12  refer to?
13  A.  I do not know the answer to that.
14  Q.  Do they refer to the letter that we
15  previously discussed?
16  A.  I do not know.
17  Q.  Do they refer to the press release that we
18  previously discussed?
19  A.  I do not know.
20  Q.  If you read further in Paragraph 20, the
21  allegations go on to say "...by, among other things,
22  aggressively publicizing Smith & Nephew's lawsuit
23  against Interlace, informing Interlace's and
24  Smith & Nephew's customers and potential customers

Page 279

1  about the lawsuit, asserting and/or suggesting to
2  Interlace's and Smith & Nephew's customers and
3  potential customers that Interlace was infringing an
4  S&N patent, asserting and/or suggesting to
5  Interlace's and Smith & Nephew's customers and
6  potential customers that this alleged infringement
7  was willful, and asserting and/or suggesting to
8  Interlace's and Smith & Nephew's customers and
9  potential customers that Ronald Adams engaged in
10  wrongdoing vis-à-vis Smith & Nephew's confidences."
11      Do you see that?
12  A.  Yes.
13  Q.  Does that inform you of what
14  communications form the factual basis of the
15  allegation that Smith & Nephew published or showed
16  to third parties false and defamatory communications
17  regarding Interlace?
18      MR. COHN:  Objection.
19  A.  Could you restate the last part of that
20  question?
21  Q.  Sure.  I'm asking if the basis of
22  Interlace's allegation that "Smith & Nephew has
23  published or shown to third parties false and
24  defamatory communications concerning Interlace"

Page 280

1  includes anything other than the letters or press
2  releases that we've already discussed today.
3      MR. COHN:  Objection.
4  A.  Other than what we discussed today, I know
5  of none.
6      MR. COHN:  Can we take a break shortly, our
7  last break?
8      MS. HARRIS:  Can we make it quick?
9      MR. COHN:  Sure.
10      THE VIDEOGRAPHER:  The time is 4:51.  Off
11  the record.
12      (Recess)
13      THE VIDEOGRAPHER:  The time is 4:57.  We're
14  back on the record
15      BY MS. HARRIS:
16  Q.  Mr. Gruber, have you had a chance to
17  reconsider any of the testimony that you've given so
18  far regarding Interlace's counterclaim allegations?
19  A.  I have.
20  Q.  Was part of that reconsideration based on
21  communications that you just had with your attorney?
22  A.  No.
23  Q.  No?
24  A.  No.

Page 281

1  Q.  Would you like to change any of your
2  testimony that you've given so far regarding
3  Smith & Nephew -- regarding Interlace's allegations
4  of tortious interference or defamation against
5  Smith & Nephew?
6  A.  Only in light that my years of
7  commercialization could have been wrong.  If I said
8  something happened in 2009, it could have happened
9  in 2010, based on when we launched the product.
10  Q.  Okay.  So that the change in your testimony
11  relates to when Interlace may have first launched
12  its product; is that what I understand?
13  A.  No.  If I said something happened, it could
14  have only happened in relation to -- in this most
15  recent line of questioning, it could have only
16  happened at the same time that we were commercial.
17  So if I said it happened before we were commercial,
18  it's something that couldn't have occurred.
19  Q.  So, for example, you identified 2009 as
20  being a potential date of first contact with Dr.
21  Kronbach and Dr. Konsker.
22  A.  Yes.  In all likelihood, it's probably
23  2010, because the device was not broadly
24  commercialized in 2009.

71 (Pages 278 to 281)

Doris O. Wong Associates, Inc. Professional Court Reporters                (617) 426-2432
50 Franklin Street, Boston, MA 02110   Videoconference Center              www.doriswong.com

df9a15ec-305c-4258-b64c-dbae57f1f9bf

Case 1:11-cv-12064-RWZ  Document 80-31  Filed 05/18/12  Page 3 of 3

Smith & Nephew, Inc. vs.                William H. Gruber, Vol. I
Interlace Medical, Inc., et al.   Videotaped Deposition        September 30, 2011

Page 322

1   A.  Approximately eight.
2       MR. COHN:  Okay.  No questions.
3       THE VIDEOGRAPHER:  The time is 5:56, and
4   the deposition is concluded.  This is the end of
5   Tape 3.  We're off the record.
6       (Deposition concluded at 5:56 p.m.)

Page 323

1           C E R T I F I C A T E
2       I, William H. Gruber, do hereby certify that I
3   have read the foregoing transcript of my testimony,
4   and further certify under the pains and penalties of
5   perjury that said transcript (with/without)
6   suggested corrections is a true and accurate record
7   of said testimony.
8       Dated at _____, this ____ day of _____,
9   2011.
10
11          _____

Page 324

1   COMMONWEALTH OF MASSACHUSETTS)
2   SUFFOLK, SS.              )
3       I, Anne H. Bohan, RDR and Notary Public in and
4   for the Commonwealth of Massachusetts, do hereby
5   certify that there came before me on the 30th day of
6   September, 2011, at 9:05 a.m., the person hereinbefore
7   named, who was by me duly sworn to testify to the
8   truth and nothing but the truth of his knowledge
9   touching and concerning the matters in controversy
10  in this cause; that he was thereupon examined upon
11  his oath, and his examination reduced to typewriting
12  under my direction; and that the deposition is a
13  true record of the testimony given by the witness.
14      I further certify that I am neither attorney or
15  counsel for, nor related to or employed by, any
16  attorney or counsel employed by the parties hereto
17  or financially interested in the action.
18      In witness whereof, I have hereunto set my hand
19  and affixed my notarial seal this 4th day of
20  October, 2011.
21
22                              Anne H. Bohan
23  Notary Public
24  Commission expires 12/9/2016

D I S C L A I M E R

This transcript in any format is a confidential

communication between Doris O. Wong Associates,

Inc., a professional court reporting firm, and the

parties to this matter and their counsel.  Any

reproduction or distribution of this transcript

without the express permission of the parties is a

violation of this confidentiality. To fulfill any

request to the court reporter for an additional copy

or copies from persons or entities without standing

in this matter will require the consent of the

parties and/or counsel and/or a court order for such

delivery.

82 (Pages 322 to 325)

Doris O. Wong Associates, Inc. Professional Court Reporters              (617) 426-2432
50 Franklin Street, Boston, MA 02110   Videoconference Center           www.doriswong.com

df9a15ec-305c-4258-b64c-dbae57f1f9bf