UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 10-10951-RWZ


SMITH & NEPHEW, INC.

v.

INTERLACE MEDICAL, INC.,
and HOLOGIC, INC.


*****


CIVIL ACTION NO. 11-12064-RWZ


SMITH & NEPHEW, INC.

v.

HOLOGIC, INC.


ORDER
June 5, 2012

ZOBEL, D.J.

     These two patent cases have been consolidated for discovery and trial, but because they were filed at different times, have heretofore proceeded on separate schedules.  Both patents describe a surgical endoscopic cutting device and, in one, the method for its use.  In each case the parties have filed motions consonant with the progress and current status of that proceeding.

**I. Civil Action 10-10951-RWZ**

This case pertains to U.S. Patent 7,226,459, the '459 patent. Defendants Interlace Medical, Inc., and Hologic, Inc., have moved to strike plaintiff Smith & Nephew, Inc.'s, Amended Final Infringement Contentions (Docket # 65) and for Summary Judgment of Non-Infringement and Invalidity (Docket # 86). Plaintiff moves for Summary Judgment of Infringement and Partial Summary Judgment of Non-obviousness. (Docket # 105).

The court had earlier allowed a motion to strike the original infringement contentions because they were based on the configurations of the accused device, not on the claims of the patent as construed. (Docket # 63). The amended contentions are based on the claims, although they do not appear to take account of the court's claim construction, most particularly with respect to the terms "drive member attached to the cutting member" and "translation piece." Proof of infringement must necessarily be based on the claims as construed. However, because it is not certain at this stage that plaintiff's contentions are inconsistent with the court's construction and that plaintiff will be unable to meet its burden, the motion to strike is denied. This ruling does not resolve the parties' disagreement about the availability of the doctrine of equivalents based on prosecution history estoppel which defendant may raise again during the trial.

Both motions for summary judgment are accompanied by statements of undisputed facts, both of which elicited responses that contest the facts asserted by the other, elaborate on details asserted, or describe the facts as irrelevant. Accordingly,

the motions for summary judgment are denied.

**II. Civil Action 11-12064-RWZ**

This case, which claims infringement of U.S. Patent 8,061,359, the '359 patent, was filed immediately after the issuance of the patent on November 22, 2011.  Plaintiff seeks a preliminary injunction against the alleged infringement by defendant (Docket # 6), and both parties seek the court's construction of certain claim language in this patent (Docket # 43).

The parties have also inundated the docket with dispositive motions.  Plaintiff moves to dismiss defendant's inequitable conduct counterclaim and to strike defendant's affirmative defense (Docket # 40), and also moves for partial summary judgment of no inequitable conduct, infringement as to certain claims, and validity under 35 U.S.C. § 112. (Docket ## 73, 82).  Defendant moves for summary judgment of non-infringement as to all claims, and invalidity under 35 U.S.C. § 112 and/or § 103 (Docket # 77).

**A. Injunctive Relief**

Plaintiff premises the request for injunctive relief on the assertion that it has lost substantial sales as a result of defendant's conduct and that defendant's continued infringement of its patent will permanently deprive it of market share which cannot be measured entirely in dollars.  Despite the voluminous submissions, I am not persuaded that plaintiff has shown irreparable harm, nor, given the parties' hotly contested positions on both infringement and validity, am I able to assess at this stage of the litigation, the likelihood of plaintiff's success on the merits.  Accordingly, the motion for

an injunction is denied.

### B. Claim Construction

The parties disagree about the meaning of four claim terms in the '359 patent. In resolving their differences, I will follow the legal principles articulated in the Markman decision entered in the earlier case, where it appears as Docket # 47.

#### 1. Term 1: "elongated member" ('359 Patent, Claims 1-8)

| Term | Court's Construction |
|---|---|
| "elongated member" | "A component of the endoscope that includes the first and second channels." |

The parties' disagreement derives from their different views as to what particular part of the endoscope the term refers. Defendant would equate it with outer tube 4 in Figure 2, '359 Patent, Col. 3:62-63, and rigid housing, id., Col. 2: 57-58, which are described as respectively being more than or at least 30 centimeters in length, and which defendant says are the same thing. But the claim language is clear that the elongated member is not equivalent to the outer tube or rigid housing; it rather relates to two channels, one for viewing and the other for the introduction of fluids into the uterus and for removal of the fluids and detritus after the surgery. The patent does not define the length of the elongated member.

#### 2. Terms 2 and 3: "aspirating cut tissue and fluid from the uterus and the endoscope through the cutter" ('359 Patent, Claims 1-4); "aspirating fluid with detached tissue from the uterus through a lumen of the cutter" ('359 Patent, Claims 5-8)

Both of these terms have a plain and ordinary meaning. They require no

4

interpretation.

### 3. Term 4: "a cutting window at a distal region of the outer tube" ('359 Patent, Claims 2 and 6)

| Term | Court's Construction |
|---|---|
| "a cutting window at a distal region of the outer tube" | "an opening at a distal region of the outer tube to provide access to a cutting component" |

The court had construed the term "cutting window" in its earlier interpretation of claim terms of the '459 patent. Because the term is used in the same manner in the '359 patent, it is appropriate to give it the same meaning.

### C. Dispositive Motions

Plaintiff's motion to dismiss (Docket # 40) was superceded by its motion for summary judgment, and is therefore denied as moot. The parties' summary judgment motions (Docket ## 73 and 77) respectively rely on opinion testimony by experts which the other side vigorously disputes, facts which are likewise hotly contested, or assertions of knowledge, intent, or materiality which are inappropriate for summary judgment. Their summary judgment motions are consequently denied. The court anticipates no further dispositive motions by either party.


|  June 5, 2012  | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |